IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JEWEL GRIFFIN,**

                                                          **Civil Action No. 2:25-cv-0540**
                                                          **Judge Michael H. Watson**
         **Plaintiff,**                          **Magistrate Judge Elizabeth P. Deavers**

       **v.**

**OFFICER HILSHEIMER #1469**

       **Defendant.**

### ORDER AND REPORT AND RECOMMENDATION

Plaintiff, who is proceeding without the assistance of counsel, moves this court for leave to proceed *in forma pauperis*. (ECF No. 1 as amended by ECF No. 5.) Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is before the Court *sua sponte* for an initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action in its entirety.

### I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from

filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

---

[1]Formerly 28 U.S.C. § 1915(d).

2

of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff's Complaint, restated here verbatim in its entirety, alleges the following:

> I have been victimized by governmental programming and organized crime and human traffick including release of military in my life for 15 years and it is going ignored by law enforcement and government employees. I am having a public corruption starting on me from town to town and being slander and chased and harassed by military and people involved with programming, sexually assaulted and controlled and surveillanced to the public and humiliated while government is raping me and my children with a surrogacy and ova removal. This human trafficking was discribed in a online affidavit written by a FBI agent which I have included. The officer heard me tell him that the people are programming and said the white women in the government are putting them up to doing this by threating

3

>to kill my children if I dont participate in them ungergoing a surrogacy and ova removal and being victims to the programming and human trafficking. I have taped the harrassment publicly and would like to present it to the courts.

(ECF No. 1-1.)

>By way of relief, Plaintiff requests

>50,000 dollars because as a result to the officer ignoring my situation I was tortured at the police station with eletronic harrassment all night and then humiliated to the whole town because they ignore the crime people think its there right to do whatever they want to me. African Americans are trying to have me raped and my children in Columbus Ohio.

(*Id.*) Plaintiff has attached several documents to her Complaint, including Wikipedia articles and a purported declaration detailing an alleged rogue government surveillance and harassment operation which is signed by an individual named Ted L. Gunderson and dated April 26, 2011.

As the above excerpt demonstrates, Plaintiff's Complaint fails to state a claim upon which relief may be granted and contains wholly incredible allegations that warrant dismissal. Initially, Plaintiff fails to set forth any allegations of specific conduct undertaken by the only named defendant, Officer Hilsheimer. When a person is named as a defendant without an allegation of specific conduct, even under the liberal construction afforded to *pro se* complaints, the complaint against that defendant is subject to dismissal. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff alleged only that the defendant violated his constitutional rights). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Id.* (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978)).

Beyond this and at best, Plaintiff 's claim appears to be that her request for a criminal investigation of individuals or entities not specifically identified was ignored. To this extent,

4

however, Plaintiff fails to state any claim for a violation of her constitutional rights. "'[T]he law is clear that a private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime.'" *Tomlinson v. Butschek,* No. 2:24-CV-4158, 2025 WL 41905, at *2 (S.D. Ohio Jan. 7, 2025*), report and recommendation adopted*, No. 2:24-CV-4158, 2025 WL 278425 (S.D. Ohio Jan. 23, 2025) (quoting *Woods v. Miamisburg City Sch.*, 254 F. Supp. 2d 868, 873 (S.D. Ohio 2003) (citation omitted); *see also Marshall v. Stengel*, No. 3:10-cv-159-S, 2010 WL 1930172, at *2 (W.D. Ky. May 12, 2010) ("[M]embers of the general public (even if they claim to be witnesses to or victims of a crime) lack standing to enforce the criminal laws or to seek a judicial order compelling initiation of a criminal prosecution."). Finally, to the extent that Plaintiff claims that she was tortured or harassed at the police station, such allegations are simply too conclusory and devoid of factual specificity to allow the Court to liberally construe any legal claims. That is, Plaintiff does not set forth enough information to meet basic pleading standards. *Twombly*, 550 U.S. at 555.

For all of these reasons, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety. For these same reasons, it is also **RECOMMENDED** that Plaintiff's Motion for an Emergency Protective Order (ECF No. 3) be **DENIED.** Finally, in light of these recommendations, Plaintiff's motion to appoint counsel (ECF No. 2) is **DENIED.**

### III.

In sum, Plaintiff's request to proceed *in forma pauperis* (ECF No. 1 as amended by ECF No. 5) is **GRANTED**. Further, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety and that Plaintiff's Motion for an Emergency Protective Order (ECF No. 3) be **DENIED.** Finally, Plaintiff's motion to appoint counsel (ECF No. 2) is **DENIED.**

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review by the District Judge and forfeiture of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

    IT IS SO ORDERED.

Date: June 2, 2025                                            /s/ *Elizabeth A. Preston Deavers*
                                                                                   ELIZABETH A. PRESTON DEAVERS
                                                                                   UNITED STATES MAGISTRATE JUDGE